**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7963**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ERIC BERNARD DIXON, a/k/a Fat Cat,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:10-cr-00649-PMD-1; 2:13-cv-00300-PMD)

Submitted:  September 10, 2015     Decided:  September 24, 2015

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Eric Bernard Dixon, Appellant Pro Se. Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Bernard Dixon seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking relief from the judgment denying his 28 U.S.C. § 2255 (2012) motion. We deferred action on this appeal pending decision in United States v. McRae, 793 F.3d 392 (4th Cir. 2015). For the reasons that follow, we vacate the district court's order and remand.

A prisoner cannot appeal a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (2012). Generally, a COA is required to appeal an order denying a Rule 60(b) motion in a § 2255 proceeding. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). We recently clarified, however, that a COA is not required in the limited circumstance in which the district court dismisses a Rule 60(b) motion as an unauthorized, successive habeas petition. McRae, 793 F.3d at 400.

To file a successive § 2255 motion in the district court, a prisoner must first obtain preauthorization from this court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) (2012). Although a prisoner is permitted to seek Rule 60(b) relief from a district court's judgment in a § 2255 proceeding, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255] application." United States

2

v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Where a Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings," it is a true Rule 60(b) motion and may be reviewed without preauthorization. McRae, 793 F.3d at 397 (internal quotation marks omitted). Where the motion "attacks the substance of the federal court's resolution of a claim on the merits," however, it is the functional equivalent of a successive habeas petition and therefore subject to the § 2255(h) preauthorization requirement. Id. (internal quotation marks omitted).

In McRae, we reaffirmed our prior holding that, where a Rule 60(b) motion "'presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" Id. at 400 (quoting Winestock, 340 F.3d at 207). Dixon's Rule 60(b) motion was such a mixed motion, challenging both the district court's resolution of some of his § 2255 claims on their merits and arguing that the district judge should have recused himself from the § 2255 proceedings. The district court denied the motion summarily without providing Dixon the opportunity to make the Winestock election.

3

Accordingly, we conclude that the COA requirement does not apply to the instant appeal, and we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED